40 So.3d 917 (2010)
In the Interest of J.B., a child.
R.M., Appellant,
v.
Department of Children and Family Services and Attorney Ad Litem for the Child, Appellees.
No. 2D10-1195.
District Court of Appeal of Florida, Second District.
July 30, 2010.
John E. Hendry, Regional Counsel, Second District, and James P. Harris, Jr., Special Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and David J. Lopez, Assistant Attorney General, Tampa, for Appellee Department of Children and Family Services.
Rebecca R. Bell, C. Christine Smith, and Anissa K. Morris of The L. David Shear Children's Law Center of Bay Area Legal Services, Inc., Tampa, for Appellee Attorney ad Litem for the Child.
NORTHCUTT, Judge.
The circuit court adjudicated the child J.B. dependent as to his mother R.M. She maintains that the adjudication was not supported by competent, substantial evidence. We disagree and affirm.
We review a dependency adjudication for an abuse of discretion. We will *918 uphold the ruling if the circuit court applied the correct law and its findings are supported by competent substantial evidence. C.J. v. Dep't of Children & Family Servs., 9 So.3d 750, 754 (Fla. 2d DCA 2009).
The instant dependency determination was based on prospective neglect, § 39.01(15)(f), Fla. Stat. (2009), the circuit court finding that J.B. was "at grave, imminent risk of harm" and that the harm was highly predictable based on the mother's recent behavior. The court observed a significant danger posed by R.M.'s persistent anger management problems, her pervasive marijuana smoking, and her frequent drug-induced apathy concerning her son's well being.
When adjudicating a child dependent based on prospective neglect, the court must find that the child is at substantial risk of imminent neglect. § 39.01(15)(f). The Department of Children and Family Services must establish a nexus between the parent's problem and the potential for future neglect. N.D. v. Dep't of Children & Family Servs., 939 So.2d 1192, 1194 (Fla. 2d DCA 2006). Neglect can occur when a child is permitted to live in an environment that "causes the child's physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired." § 39.01(44). Harm to a child's health and welfare can be caused by exposure to a controlled substance if evidence shows "extensive, abusive, and chronic use of a controlled substance . . . by a parent when the child is demonstrably adversely affected by such usage." § 39.01(32)(g)(2).
In this case, the mother's family members testified that R.M. used marijuana several times every week, often in J.B.'s presence. Thus impaired, she would ignore the boy, talking with her friends in person or on the telephone and leaving the child to fend for himself in his "own little world." Although the mother claimed she had stopped using the drug, she tested positive for it on the day of the dependency hearing. The family was obviously concerned for both the mother's and the child's well-being. In its order the court wrote of one family member's anguish over having to testify about the mother's problems. The upshot of the testimony at the dependency hearing was that R.M. was a chronic marijuana user and the boy was placed in danger when she was under the drug's influence. Thus there was substantial, competent evidence establishing a nexus between the mother's drug use and the potential for J.B.'s neglect.
In addition to R.M.'s drug use, the circuit court found other instances of neglect that were predictive of a risk of harm to her child. The court made note of the mother's ongoing anger management problems. Again, the mother's family came forward and recited a litany of her angry actsscreaming, destruction of property, and physical violence. A child protection investigator described R.M.'s reaction when the investigator visited her residence to offer services. Annoyed about the investigator's visit, she refused to talk. She snatched her son from a relative's arms and dragged him by his armpits, kicking and screaming, to another room, where she opened a window as if to flee from the investigator. Even R.M. admitted that she had been placed on probation for a battery charge with the condition that she attend an anger management program but that she had failed to do so. While the mother's anger had not been specifically directed at her child, a family member testified that the boy had witnessed at least one violent episode that left him shaking and scared.
Competent evidence established that R.M. had, in the circuit court's words, a *919 "constellation of problems" that placed J.B. at a substantial risk of imminent neglect. We find no abuse of discretion in the court's decision to adjudicate the child dependent.
Affirmed.
ALTENBERND and KELLY, JJ., Concur.